## William Rock, Defendant in Error, v. Louis S. Owsley, Receiver, Plaintiff in Error.

## Gen. No. 16,292.

APPEALS AND ERRORS—*when finding by court not disturbed.* The finding of the court in cases tried without a jury has the same effect on appeal as the verdict of a jury and such finding will not be disturbed as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 6, 1912.

WALTER W. ROSS and JOHN PRENDERGAST, for plaintiff in error.

ALPHONSE LEFKOW, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the defendant in error in the Municipal Court of Chicago for the value of a cow claimed to have been killed through the negligence of the plaintiff in error as receiver of the Suburban R. R. Company, on or about August 15, 1909. The case was tried before the court without a jury. The court found the defendant guilty, assessed the plaintiff's damages in the sum of $65 and entered judgment for that amount.

We are asked to reverse this judgment on the ground

that there was no negligence shown on the part of the plaintiff in error, and the further ground that the defendant in error was guilty of failure to exercise due care in allowing his cow to run at large, contrary to the statute.

The proof tended to show that the defendant in error pastured his cow in a lot which was not fenced, and fastened her to a stake on the night of the accident. On the following morning he found her dead in a ditch beside the railroad track. On behalf of the defendant in error it was shown by the testimony of a witness, a woman 60 years of age, who lived at the corner of Fillmore and Harlem avenues, across the street from the place of the accident, that on the 15th of August, 1909, between 12 and 12:30 in the morning, she was in her room and saw and heard a car coming at a high rate of speed; that the next morning she saw a cow lying about 50 feet south of the crossing in the ditch, and a cow's tail on the crossing; that the car was coming fast; that she did not see any headlight, and that she knew the cow belonged to the defendant in error.

On the part of the plaintiff in error the testimony of the motorman in charge of the car was offered. He says his car was running at a speed of from 27 to 30 miles an hour; that the car had a headlight on it, but that it was foggy; that he did not see the cow until he was about 45 or 50 feet from her; that he threw on his air brake and emergency brake, etc., but was unable to stop the car until it went 50 feet past the cow.

We see no reason for reversing the judgment. The statute with regard to allowing animals like cattle to run at large was not violated. Whether or not the defendant in error was negligent under the circumstances was a question of fact. It was also a question of fact whether or not the plaintiff in error was negligent in the matter of the speed of the car when crossing the street taking into consideration the darkness

and foggy conditions. The finding of the court on these questions has the same effect as the finding of a jury in similar circumstances.

*Judgment affirmed.*